GATES, O'DOHERTY, GONTER & GUY, LLP
15373 Innovation Drive, Suite 170
San Diego, California 92128-3427
Telephone: (858) 676-8600
Facsimile: (858) 676-8601

FILED

08 MAR -6 PM 3:30

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY      CF      DEPUTY

Attorney:      DOUGLAS D. GUY, ESQ. (SBN 117844)
               dguy@gogglaw.com

               NADINE M. SAYEGH, ESQ. (SBN 250651)
               n_sayegh@gogglaw.com

Attorneys for Defendant PORSCHE CARS NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RINALDI, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>PORSCHE CARS NORTH AMERICA, INC., a corporation, and DOES 1 through 5, inclusive,<br><br>                    Defendants. | CASE NO. 08 CV 0428 JAH NLS<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441(b), AND 1446**<br><br>Judge<br>Department<br>Action Filed: February 5, 2008 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that PORSCHE CARS NORTH AMERICA, INC., hereby removes to this Court the state court action described below.

**JURISDICTION**

1.    This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b).

1

CR

2.    28 U.S.C. §1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

3.    28 U.S.C. §1441(a) provides that "any civil action brought in the State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.    28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on the claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

5.    28 U.S.C. § 1441(c) provides that "[w]henever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."

6.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 United States Code section 1441(b) in that it states a claim expressly under federal law. Specifically, plaintiffs allege violations of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2310 et seq.

7.    Any remaining claims or causes of action in the complaint that are otherwise nonremovable are joined with separate and

2

1  independent claims or causes of action within the jurisdiction

2  conferred by 28 U.S.C. §1331, and the entire case is therefore

3  removable under 28 U.S.C. §1441(c).

4      8.   On or about February 5, 2008, an action was filed in the

5  San Diego Superior Court, North County Division, entitled <u>John</u>

6  <u>Rinaldi v. Porsche Cars North America, Inc.</u>, Case No. 37-2008-

7  00051009-CU-BC-NC.  A copy of the complaint is attached hereto as

8  Exhibit "A".

9      9.   Defendant PORSCHE CARS NORTH AMERICA, INC., was served with

10  a copy of the Summons and Complaint from the state court action on

11  February 7, 2008.

12      10.  Defendant PORSCHE CARS NORTH AMERICA, INC. attaches copies

13  of all state court pleadings, process and orders which have been

14  served as follows:

15          a.   Complaint for Damages (Exhibit "A")

16          b.   Defendant PORSCHE CARS NORTH AMERICA, INC.'s Answer to

17  Complaint (Exhibit "B").

18      11.  This Notice of Removal is timely because it is brought

19  within thirty (30) days of the service of plaintiff's Complaint on

20  any defendant.

21      12.  A Notice of filing of this Notice of Removal will be filed

22  with the San Diego County Superior Court of the State of California,

23  and served upon plaintiff.

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF REMOVAL

1      **WHEREAS**, defendant PORSCHE CARS NORTH AMERICA, INC. hereby

2   removes to this court the Superior Court, County of San Diego case

3   entitled <u>John Rinaldi v. Porsche Cars North America, Inc.</u>, Case No.

4   37-2008-00051009-CU-BC-NC.

5

6

7   Dated:  March 6, 2008          GATES, O'DOHERTY, GONTER & GUY, LLP

8

9                                  By: _____
                                       DOUGLAS D. GUY
10                                     Attorneys for Defendant
                                       PORSCHE CARS NORTH AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**EXHIBIT A**

**RECEIVED**

**CT** CORPORATION
A WoltersKluwer Company

FEB 1 1 2008

**PCNA LEGAL DEPT.**

**Service of Process Transmittal**
02/07/2008
CT Log Number 513064973

**TO:**  Patricia R Britton, General Counsel
Porsche Cars North America, Inc.
980 Hammond Drive, Suite 1000
Atlanta, GA 30328

**RE:**  **Process Served in California**

**FOR:**  Porsche Cars North America, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Rinaldi, etc., Pltf. vs. Porsche Cars North America, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Notice(s), Stipulation Form, Complaint |
| **COURT/AGENCY:** | Superior Court, County of San Diego, CA<br>Case # 3720080051009 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Failure to repair engine defects - 2003 Porsche |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/07/2008 at 15:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jonathan D. McCue<br>Lemon Law Advocates<br>31938 Highway 79 South, Suite A-328<br>Temecula, CA 92592<br>951-553-4986 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798370096867<br>Email Notification, Patricia R Britton pbritton@porschecars.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / BF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Porsche Cars North America, Inc., a corporation; and
DOES 1 through 5

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

NORTH COUNTY

2008 FEB -5 AM 10: 59

CLERK SUPERIOR
SAN DIEGO CO

2/7/08
3rd

"VIA FAX"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
John Rinaldi, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>North County Division<br>325 South Melrose<br>Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):* 2008-00051009-CU-BC-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan D. McCue, Esq. (128896)        951-553-4986    951-302-5850
Lemon Law Advocates
31938 Highway 79 South, Suite A-328
Temecula, CA 92592

DATE:
*(Fecha)* FEB - 5 2008     Clerk, by TONI OZENBAUGH , Deputy
                            *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Porsche Cars North America, Inc., a corporation

under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 2/8/08

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal Solutions Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1 | Lemon Law Advocates
2 | Jonathan D. McCue (128896)
  | Stephen P. Polapink (177489)
3 | 31938 Highway 79 South, Suite A-328
  | Temecula, CA 92592
4 | (T) 951-553-4986
  | (F) 951-302-5850
5 |
6 | Attorneys for Plaintiff
7 |

**FILED**
NORTH COUNTY
2008 FEB -5 AM :: 00
CLERK
SAN DIEGO

"VIA FAX"

8 |        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |     FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

10 |

11 |
12 | John Rinaldi,                        CASE NO. 37-2008-00051009-CU-BC-NC
   | an individual,
13 |                  Plaintiff,          COMPLAINT FOR RESTITUTION,
   |                                      DAMAGES AND CIVIL PENALTY
14 | v.
15 | Porsche Cars North America, Inc.,
   | a corporation; and DOES 1 through
16 | 5, inclusive,
17 |                  Defendants
18 |
19 |
20 |
21 |
   |        1.    Plaintiff John Rinaldi ("plaintiff") brings this action on his own behalf,
22 |
   | and based upon information and belief, against defendants Porsche Cars North America,
23 |
   | Inc., a corporation and DOES 1 through 5, inclusive ("defendants").
24 |
25 |                  *Complaint for Restitution, Damages and Civil Penalty*
   |                                           1

## SUMMARY OF COMPLAINT

2.    On, or about, April 26, 2007, Plaintiff John Rinaldi purchased a 2003 Porsche, vehicle identification number W P 0 A A 2 9 9 6 3 S 6 2 3 8 1 1, ("vehicle" or the "Porsche"), from Lexus Kearny Mesa.

3.    The vehicle was purchased within, and the nonconformities began during, the manufacturer's, defendant Porsche Cars North America, Inc.'s, factory warranty period.

4.    Plaintiff John Rinaldi uses his vehicle primarily for personal, family, and household purposes. Soon after purchase, Plaintiff experienced continuing nonconformities with the vehicle, including, but not limited to, the following: difficulty getting into second gear; popping out of gear; defective first and second gear synchronizer; defective dog teeth; static noise from radio; abnormal clunking/clacking noise from rear of vehicle; intermediate shaft bearing cage failure; intermediate shaft bearing missing bearings; defective flange bearing; vehicle not starting; engine clunking when not starting; engine consuming too much oil; vehicle not starting; and a broken trip switch.

5.    Despite confirmation of the nonconformities and repeated repair attempts, defendants have been unable to correct the nonconformities. These nonconformities substantially impair the use, value and/or safety of the vehicle.

6.    Plaintiff and his attorneys attempted in good faith to resolve this matter directly with defendant Porsche Cars North America, Inc. until Porsche Cars North America, Inc. without explanation, stopped responding to such efforts. In fact, plaintiff had been offered $3,000.00 to settle this claim before seeking representation. Defendant Porsche Cars North America, Inc. never reiterated this offer nor explained its withdrawal.

PARTIES

7.     Plaintiff John Rinaldi is an individual residing in the County of San Diego, State of California.

8.     Defendant Porsche Cars North America, Inc. is a corporation registered and transacting business in the County of San Diego, State of California.

9.     The true names and capacities of defendants sued herein under Code of Civil Procedure §474 as DOES 1 through 5, inclusive, are presently unknown to Plaintiff who will seek to amend this complaint to include these DOE defendants when they are identified.

10.    At all times mentioned in the complaint, each of the defendants was an agent of each and every other defendant. In doing the things alleged in the complaint, each defendant was acting within the course and scope of their agency and was acting with the consent, permission and authorization of each of the other defendants.

JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to the Constitution of the State of California, Article VI, § 10, as this case is not a cause given by statute to other trial courts.

12.    This Court has jurisdiction over each defendant pursuant to Code of Civil Procedure §410.10 by virtue of their extensive business dealings and transactions within this state. Each defendant is either a corporation or association organized under the laws of the State of California, a foreign corporation or association authorized to do business in

*Complaint for Restitution, Damages and Civil Penalty*

3

California, or does sufficient business, has sufficient minimum contacts with or avails itself of the California market through the manufacturing, production, promotion, sale, marketing and distribution of product in California. Exercise of jurisdiction by California courts is permissible under traditional notions of fair play and substantial justice.

13.     Venue is proper in this county pursuant to Title 29 of the United States Code, Chapter 18, §1132 and Code of Civil Procedure §§ 395 and 395.5 as this is a court of competent jurisdiction, and defendants conduct business in this county.

## FIRST CAUSE OF ACTION

(Complaint for violation of the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq. as against all defendants)

14.     Plaintiff John Rinaldi incorporates all prior allegations.

15.     The vehicle is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

16.     Plaintiff is a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

17.     Defendant Porsche Cars North America, Inc. is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

18.     The serious nonconformities have manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

19.    The sale of the vehicle to plaintiff was also accompanied by an implied warranty that the vehicle was merchantable. The sale of the vehicle to plaintiff was also accompanied by defendants' implied warranty of fitness.

20.    Plaintiff brought the vehicle into authorized repair facilities for repairs on numerous occasions in attempts to have the existing warranties satisfied.

21.    Defendants have not repaired the nonconformities after a reasonable number of attempts and, as such, have failed to comply with all applicable warranty requirements.

22.    Despite their breach of the express and implied warranties, defendants have refused plaintiff's demand for a refund or replacement.

23.    By failure of defendants to remedy the defects as alleged above, or to issue a refund or replacement, defendants are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

24.    As a result of defendants' violation of the Song-Beverly Consumer Warranty Act, plaintiff is entitled to relief as set forth in the prayer of this complaint.

### SECOND CAUSE OF ACTION

(Complaint for violation of the Magnuson Moss Warranty Act,

15 U.S.C. §§2031 et seq. as against all defendants)

25.    Plaintiff John Rinaldi incorporates all prior allegations.

26.    The vehicle is a consumer product as defined in the Magnuson Moss Warranty Act.

27.   Plaintiffs is a "consumer" as that term is defined in the Magnuson Moss Warranty Act.

28.   Defendant Porsche Cars North America, Inc. is a "supplier" and "warrantor" as those terms are defined under the Magnuson Moss Warranty Act.

29.   Plaintiff's purchase of the vehicle created an implied warranty of merchantability.

30.   Defendants have failed to provide a vehicle free from serious defects and nonconformities. They have also failed to adequately repair or replace the vehicle. These failures constitute a breach of the express and implied warranties covering the vehicle. As such, defendants have violated the Magnuson Moss Warranty Act.

31.   Plaintiff John Rinaldi has performed in accordance with the provisions of the purchase contract, warranties and all applicable laws.

32.   Plaintiff John Rinaldi has suffered damage, in an amount according to proof at trial, as a direct and proximate result of the acts and omissions of defendants.

33.   As a result of defendants' violation of the Magnuson Moss Warranty Act, plaintiff is entitled to relief as set forth in the prayer of this complaint.

1

2                                  PRAYER FOR RELIEF

3          WHEREFORE, Plaintiff John Rinaldi prays for judgment as follows:

4          1.      For general, special and actual damages according to proof at trial;

5          2.      For rescission of the purchase contract and restitution of all monies

6   expended;

7          3.      For incidental and consequential damages according to proof at trial;

8          4.      For a civil penalty in an amount of two times plaintiff's actual damages;

9          5.      For prejudgment interest at the legal rate;

10         6.      For reasonable attorneys' fees and costs of suit; and

11         7.      For such other and further relief as this court deems just and proper.

12

13  DATED:      February 4, 2008           LEMON LAW ADVOCATES
                                           Jonathan D. McCue (128896)
14                                         Stephen P. Polapink (177489)

15

16

17                                         Jonathan D. McCue

18

19

20

21

22

23

24

25            *Complaint for Restitution, Damages and Civil Penalty*
                                    7

1  GATES, O'DOHERTY, GONTER & GUY, LLP
   15373 Innovation Drive, Suite 170
2  San Diego, California 92128
   Telephone: (858) 676-8600
3  Facsimile: (858) 676-8601

4  Attorney:   DOUGLAS D. GUY, ESQ. (SBN 117844)
               dguy@gogglaw.com

5              NADINE M. SAYEGH, ESQ. (SBN 250651)
               n_sayegh@gogglaw.com
6

7  Attorneys for Defendant PORSCHE CARS NORTH AMERICA, INC.

8

9      IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

10                      NORTH COUNTY DIVISION

11 JOHN RINALDI, an individual,    ) CASE NO. 37-2008-00051009-CU-BC-NC
                                   )
12          Plaintiff,             )
                                   )
13 vs.                             ) **ANSWER TO COMPLAINT**
                                   )
14 PORSCHE CARS NORTH AMERICA,     )
   INC., a corporation, and DOES 1 ) Judge Robert P. Dahlquist
15 through 5, inclusive,           ) Department N-29
                                   )
16          Defendants.            ) Action Filed: February 5, 2008
                                   )
17                                 )
                                   )
18                                 )
                                   )
19                                 )
                                   )
20                                 )
                                   )
21 _____)

22      Defendant PORSCHE CARS NORTH AMERICA, INC. ("Answering

23 Defendant") answers the Complaint filed by JOHN RINALDI ("Plaintiff")

24 as follows:

25                         **GENERAL DENIAL**

26      1.   Inasmuch as the Complaint is not verified, and under the

27 provisions of *Code of Civil Procedure* §431.30, Answering Defendant

28 denies generally and specifically each and every allegation in such

                                  1

1  Complaint and the whole thereof, including a denial of all sums and

2  amounts alleged to be owed or otherwise.

3      2.    Further answering such Complaint and the whole thereof,

4  including each and every cause of action therein, Answering Defendant

5  denies that Plaintiff has sustained, or will sustain, any damage or

6  loss by reason of any act, omission, breach of contract, either

7  express or implied or both, or any other conduct or absence thereof

8  on the part of Answering Defendant or any agent, servant, or employee

9  of Answering Defendant, and denies that Answering Defendant committed

10 of any wrongful act or omission whatsoever.

11                        **FIRST AFFIRMATIVE DEFENSE**

12                        (Comparative Fault)

13     3.    If Plaintiff sustained any damages as alleged in the

14 complaint, that damage was proximately caused and contributed to by

15 Plaintiff in failing to conduct himself in a manner ordinarily

16 expected of reasonably prudent persons in the conduct of their -

17 affairs and business.  The contributory negligence and fault of

18 Plaintiff diminishes any recovery herein.

19                       **SECOND AFFIRMATIVE DEFENSE**

20             (Contributory Negligence of Third Parties)

21     4.    If the Plaintiff sustained any damages as alleged in the

22 complaint, that damage was proximately caused and contributed to by

23 persons and/or parties other than Answering Defendant in failing to

24 conduct themselves in a manner ordinarily expected of reasonably

25 prudent persons in the conduct of their affairs and business.

26 Contributory negligence and fault of persons and/or parties other

27 than Answering Defendant diminishes any recovery from this Answering

28 Defendant.

2

### THIRD AFFIRMATIVE DEFENSE

#### (Failure To State A Cause Of Action)

5.   Plaintiff's complaint, and each cause of action and count thereof, fails to state sufficient facts to constitute a cause of action against the Answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Disclaimer of Warranties/Damages)

6.   Plaintiff's causes of action for breach of express and implied warranties and incidental and consequential damages are barred or limited by the express disclaimers and limitations of liability contained in the alleged express warranties or other agreements made by Answering Defendant.  These disclaimers bar or limit Plaintiff's recovery herein.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

7.   Any cause of action alleged in the complaint is barred by the statute of limitations, whether contained in Code of Civil Procedure, sections 337, 338, 339, 340, 343, *Commercial Code* section 2725, Answering Defendant's warranty, Civil Code section 1783, or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

8.   If Plaintiff sustained any damage as alleged in the complaint, that damage was proximately caused and contributed to by Plaintiff in failing to mitigate damages.  Plaintiff's failure to mitigate damages diminishes any recovery herein.

///

///

3

**SEVENTH AFFIRMATIVE DEFENSE**

(<u>Estoppel</u>)

9.   Answering Defendant is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activity sufficient to estop them from asserting all or any part of any claim set forth in their complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

(<u>Unclean Hands</u>)

10.   Answering Defendant is informed and believes and based thereon alleges that the claims and relief sought by Plaintiff are barred by reason of the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

(<u>Waiver</u>)

11.   Answering Defendant is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in the complaint.

**TENTH AFFIRMATIVE DEFENSE**

(<u>Laches</u>)

12.   Answering Defendant is informed and believes and based thereon alleges that Plaintiff waited an unreasonable period of time to complain of the alleged acts or omissions at issue in the complaint so as to prejudice this Answering Defendant.  Plaintiff is therefore guilty of laches and barred from recovery.

///

///

///

4

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure of Performance)

13.    Answering Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty.    Performance on Plaintiff's part of their obligations was a condition precedent to the performance of Answering Defendant's obligations.

### TWELFTH AFFIRMATIVE DEFENSE

(Alteration of Product)

14.    The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of these Answering Defendant.    Any damage to the subject vehicle was caused and created by changes and alterations made to the vehicle, subsequent to the time of the vehicle's manufacture and/or sale, by persons other than Answering Defendant or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient for Recovery of a Civil Penalty)

15.    The complaint fails to state sufficient facts to warrant the imposition of a civil penalty.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

16. The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with the Plaintiff's consent.

///

///

5

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Abuse or Failure to Maintain)

3      17.   The Plaintiff is barred from recovery by virtue of Civil

4    Code section 1794.3, and other law, since the claimed defects or

5    nonconformities were caused by the unauthorized or unreasonable use

6    of the vehicle following sale.

7

## SIXTEENTH AFFIRMATIVE DEFENSE

8

### (Waiver of Right to Restitution/Rescission-Type Damages)

9      18.   Plaintiff has waived his right to seek restitution or

10    rescission-type damages against Answering Defendant as a matter of

11    law, or, as an alternative, Answering Defendant is entitled to an

12    equitable setoff for use of the vehicle.

13

## SEVENTEENTH AFFIRMATIVE DEFENSE

14

### (No Privity)

15      19.   There is no contractual vertical privity between the

16    Plaintiff and Answering Defendant therefore barring any claim for

17    breach of implied warranty.

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19

### (No Revocation)

20      20.   Plaintiff is not entitled to revocation/rescission type

21    damages because there is no vertical privity between Plaintiff and

22    Answering Defendant.

23

## NINETEENTH AFFIRMATIVE DEFENSE

24

### [Failure to Properly Revoke Acceptance]

25      21.   The Plaintiff failed to properly revoke acceptance by

26    either failing to notify within a reasonable amount of time and/or

27    before substantially altering or changing the product.

28

6

## TWENTIETH AFFIRMATIVE DEFENSE

[Failure to Provide Notice or Give Opportunity to Cure]

22.  The Plaintiff's Complaint fails as a matter of law due to their failure to provide notice and give Answering Defendant an opportunity to cure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

[Business Use of the Motor home]

23.  The Plaintiff's Complaint fails as a matter of law due to his use of the motor home for business purposes.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

[Failure to Submit Claims to Dispute Resolution]

24.  The Plaintiff failed to submit his claims to Answering Defendant's Alternative Dispute Resolution Program as set forth in Answering Defendant's warranty, and by law, thus precluding any claim pursuant to the Magnuson Moss warranty Act or a civil penalty pursuant to the Song-Beverly Warranty Act.

**WHEREFORE**, ANSWERING DEFENDANT prays as follows:

1.  That Plaintiff take nothing by way of his complaint on file herein;

2.  That judgment be entered in favor of defendant, including costs of suit; and

///
///
///
///
///
///

7

1      3.   For such other and further relief as the Court may deem

2  just and proper.

3

4

5  Dated:   March 4, 2008      GATES, O'DOHERTY, GONTER & GUY, LLP

6

7

8                              By: _____
                                   DOUGLAS D. GUY
9                                  Attorneys for Defendant
                                   PORSCHE CARS NORTH AMERICA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

ANSWER TO COMPLAINT

1

PROOF OF SERVICE - CCP §1013a(3)

2

   I am employed in the County of San Diego, State of California.
I am over the age of 18 and not a party to the within action; my
3 business address is 15373 Innovation Drive, Suite 170, San Diego, CA
92128.

4

   On March 5, 2008, I served the foregoing document described as
5 **ANSWER TO COMPLAINT** on the interested parties in this action in the
following manner:

6

7 Jonathan D. McCue, Esq.              Attorneys for Plaintiff
Stephen P. Polapink, Esq.            JOHN RINALDI
8 Lemon Law Advocates
31938 Highway 79 South, Suite A-328
9 Temecula, CA  92592
(951)553-4986, Fax (951)302-5850

10

11 (X)    **BY MAIL.**  I am familiar with this firm's practice of
            collection and processing correspondence for mailing with
12          the United States Postal Service, and that the
            correspondence shall be deposited with the United States
13          Postal Service on the same day in the ordinary course of
            business pursuant to Code of Civil Procedure section 1013a.
14          I am aware that on a motion of party served, service is
            presumed invalid if postal cancellation date or postage
15          meter date is more than one day after date of deposit for
            mailing affidavit.

16

17 ( )    **BY FACSIMILE.**  In addition to service by mail as set forth
            above, a copy of said document(s) was also delivered by
            facsimile transmission to the addressee(s) pursuant to Code
18          of Civil Procedure section 1013(e).

19 ( )    **BY PERSONAL SERVICE.**  I caused a true copy of said
            document(s) to be hand-delivered to the addressee(s) via a
20          California registered process server pursuant to Code of
            Civil Procedure section 1011.  If required, said registered
21          process server's original proof of personal service will be
            filed with the court immediately upon its receipt.

22

23 ( )    **BY EXPRESS MAIL.**  I caused a true copy of said document(s)
            to be deposited in a box or other facility regularly
            maintained by the express service carrier providing
24          overnight delivery pursuant to Code of Civil Procedure
            section 1013(c).

25

   I declare under penalty of perjury under the laws of the State
26 of California that the foregoing is true and correct and that this
declaration was executed on March 5, 2008, at San Diego, California.

27

28                                 _____
                                   JENNIFER LYNN SMITH

                                   9

ANSWER TO COMPLAINT

1

## PROOF OF SERVICE – CCP §1013a(3)

2      I am employed in the County of San Diego, State of California.
I am over the age of 18 and not a party to the within action; my
3  business address is 15373 Innovation Drive, Suite 170, San Diego,
California 92128.

4

5      On March 6, 2008, I served the foregoing document described as
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441(b),**
6  **and 1446** on the interested parties in this action as set forth on the
attached service list in the following manner:

7

(X)      **BY MAIL**.  I am familiar with this firm's practice of
8             collection and processing correspondence for mailing with
             the United States Postal Service, and that the
9             correspondence shall be deposited with the United States
             Postal Service on the same day in the ordinary course of
10            business pursuant to Code of Civil Procedure section 1013a.
             I am aware that on a motion of party served, service is
11            presumed invalid if postal cancellation date or postage
             meter date is more than one day after date of deposit for
12            mailing affidavit.

13  (  )      **BY FACSIMILE**.  In addition to service by mail as set forth
             above, a copy of said document(s) was also delivered by
14            facsimile transmission to the addressee(s) pursuant to Code
             of Civil Procedure section 1013(e).

15

16  (  )      **BY PERSONAL SERVICE**.  I caused a true copy of said
             document(s) to be hand-delivered to the addressee(s) via a
             California registered process server pursuant to Code of
17            Civil Procedure section 1011.  If required, said registered
             process server's original proof of personal service will be
18            filed with the court immediately upon its receipt.

19  (  )      **BY EXPRESS MAIL**.  I caused a true copy of said document(s)
             to be deposited in a box or other facility regularly
20            maintained by the express service carrier providing
             overnight delivery pursuant to Code of Civil Procedure
21            section 1013(c).

22      I hereby certify that I am employed in the office of a member of
the Bar of this Court at whose direction the service was made.

23

24      I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct and that
this declaration was executed on March 6, 2008, at San Diego,
25  California.

26

27  JENNIFER LYNN SMITH

28

RINALDI v. PORSCHE CARS NORTH AMERICA, INC.
USDC Southern District Court Case No.:


SERVICE LIST


Jonathan D. McCue, Esq.                    Attorneys for Plaintiff
Stephen P. Polapink, Esq.                  JOHN RINALDI, an individual
Lemon Law Advocates
31938 Highway 79 South, Suite A-328
Temecula, CA  92592
(951)553-4986, Fax (951)302-5850


**COUNSEL/PARTY SERVING THIS DOCUMENT:**
DOUGLAS D. GUY, Esq.                        Attorneys for Defendant
GATES, O'DOHERTY, GONTER & GUY, LLP         PORSCHE CARS OF NORTH
15373 Innovation Drive, Suite 170          AMERICA, INC.
San Diego, CA  92128
(858) 676-8600, Fax (858) 676-8601

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148478    — SH
* * C O P Y * *
March 06, 2008
15:32:04**

**Civ Fil Non-Pris**
USAO #.: 08CV0428
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC0038707

**Total—>   $350.00**

FROM: RINALDI V. PORSCHE CARS NA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JOHN RINALDI

**DEFENDANTS**
PORSCHE CARS NORTH AMERICA, INC.

FILED

08 MAR -6 PM 3:30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
San Diego, County

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
GATES, O'DOHERTY, GONTER & GUY, LLP
15373 Innovation Drive
Suite 170
San Diego, CA 92128
858-676-8600

Attorneys (If Known)

'08 CV 0428 JAH NLS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs. | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | **Habeas Corpus:** | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. 2310
Brief description of cause: Violation of Magnuson-Moss.

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ___    DOCKET NUMBER ___

DATE
3/6/08

SIGNATURE OF ATTORNEY OF RECORD
*Nadine M. Sayle*

FOR OFFICE USE ONLY
RECEIPT # 148478    $350    ser 3/6/08    1/3 IFP    JUDGE ___    MAG. JUDGE ___